**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

********************************************
**UNITED STATES OF AMERICA,**

**v.** **Criminal No. 13-CR-344 (DNH)**

**MICHAEL LOMBARDO,**

**Defendant.**
********************************************

## PRELIMINARY ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT:**

1. As the result of the defendant's guilty plea to Count One of Information 13-CR-344, for which the Government sought forfeiture pursuant to 18 U.S.C. § 2253, and the defendant's admission of the forfeiture allegation set forth in Information 13-CR-344, defendant shall forfeit to the United States any property, real or personal, or any property traceable to such property, used or intended to be used to commit or to promote the commission of such offenses alleged in Information 13-CR-344.

2. The Court has determined, based upon the defendant's written Plea Agreement, that defendant's interest in the following specific property is subject to forfeiture as a result of the defendant's guilty plea and admission of the offenses alleged in Count One of Information 13-CR-344, and for which the Government has established the requisite nexus between such property and such offenses:

**ELECTRONIC EQUIPMENT**

**One Apple Laptop, Serial Number: COZF91XPDH2L;**

**One Apple Laptop, Serial Number: W86250PDVWX;**

**ASUS EEE Laptop, FCC Number: MCQE0SNE785; and**

**One Motorola Droid MSN: K566NL2FQZ.**

3. Upon the entry of this Order, the United States Attorney General or his designated representative, including the United States Marshals, is authorized to seize the property set forth above which is subject to forfeiture.

4. Upon entry of this Order, the United States Attorney is authorized to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6. The United States shall publish notice of the Order and its intent to dispose of the properties in such a manner as the United States Attorney General, or his representative, may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject properties.

7. Any person, other than the above-named defendant, asserting a legal interest in any of the subject property may, no later than sixty (60) days after the first day of publication on the

official government internet website, www.forfeiture.gov, or no later than thirty (30) days after receipt of direct notice, if any, under Rule G(4)(a), whichever is earlier, may petition the Court for a hearing without a jury to adjudicate the validity of his or her claimed interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

8. Any petition filed by a third party asserting an interest in the subject properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject properties, any additional facts supporting the petitioner's claim, and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the subject properties following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in Fed. R. Crim. P. 32.2(c)(1) incorporating 21 U.S.C. § 853(n), for the filing of third party petitions.

11. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become a Final Order of Forfeiture as provided by Fed. R.

Crim. P. 32.2(c)(2).

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court shall forward six (6) certified copies of this Order to Assistant United States Attorney Geoffrey J. L. Brown, United States Attorney's Office for the Northern District of New York, 100 South Clinton Street, Syracuse, New York.

Dated: ______________________, 2013

________________________________
Hon. David N. Hurd
United States District Judge